UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SELIGER, LORI )
)
      Plaintiff, ) Case No. 10-14034-MG
vs. ) Chapter 7
)
MANHATTAN MINI STORAGE, )
)
)
      Defendant, )
)

## MOTION FOR VIOLATION OF AUTOMATIC STAY AND CREDITOR MISCONDUCT

    Plaintiff, LORI SELIGER, by Pro Per,

hereby moves the court for an award of damages against Defendant, MANHATTAN MINI STORAGE,

for a violation of automatic stay and alleges the following:

1) Plaintiff filed for an Order of Relief under Chapter 7 of Title 11 on July 26, 2010.

2) The aforementioned case is currently pending before this court.

3) The gravamen of this motion is that despite Plaintiff's filing of bankruptcy, Defendant has willfully attempted to collect a debt from Plaintiff's and refuse to release Plaintiff's personal effects under Defendant's direct control.

## FACTS

1) On or about September 1, 2000, Plaintiff opened an account for a storage unit with Defendant.

2) On August 28, 2010, Plaintiff went to defendant and notified them of the bankruptcy filing and gave them the case number, requesting access to the storage unit to remove belongings.

3) Defendant refused to release hold on personal belongings, stating that the corporate office must issue the release and would contact Plaintiff.

4) Defendant attempted one phone call on September 9, 2010 and left message. Plaintiff made several attempts to contact defendant to close account and remove personal effects.

5) Defendant has refused to return Plaintiff her personal property and has continued to bill for storage even though attempts have been made to retrieve said property and close account.

## COUNT I: AUTOMATIC STAY APPLIES TO THE DEFENDANT

6) Section 362 stays action to collect a debt. Specifically, § 362(a)(6) protects Defendant from creditors that are acting in any capacity to collect, assess, or recover a claim against her that arose before the commencement of the bankruptcy proceedings.

7) Defendant is enjoined by the automatic stay from creditor attempts to collect a debt, including having her belongings held in lieu of debt.

8) The filing of a bankruptcy petition effectuates automatic of all proceedings against debtor effective the date the petition is filed and actions taken in violation of stay are void, even if there is no actual notice of the stay.

## COUNT II: THE ATTEMPTED COLLECTION OF A DEBT BY DEFENDANT VIOLATES AUTOMATIC STAY

9) Once a creditor receives notice of a Chapter 7 bankruptcy filing, creditor has an affirmative duty to undo its violations of automatic stay.

10) There can be no doubt that the Defendant had knowledge of the Plaintiffs pending bankruptcy case.

11) Defendant is listed as a creditor in Plaintiffs bankruptcy petition under Schedule F.

12) Defendant originally violated the automatic stay when, with knowledge of debtor's Chapter 7 bankruptcy filing, refused to release defendant's belongings and continue to charge storage fees.

13) Plaintiff has made several good-faith attempts to have the property returned to her.

14) Defendant's actions of charging storage fees, refusing to close the account and further refusing to return the personal items are in direct violation of the automatic stay.

## COUNT III: VIOLATION OF THE STAY WAS WILLFULL

15) Defendant has acted with blatant disregard to court rules and procedures.

16) Defendant was listed as a creditor on Plaintiff's bankruptcy petition filing and had been advised on her pending bankruptcy.

17) Based on Defendants actions of deliberately holding Plaintiff's personal belongings and continuing to charge storage fees, Defendant has willfully violated the automatic stay in place for the Plaintiff.

18) A willful violation of the automatic stay occurs when the creditor knew that the stay had been invoked and deliberately intended the action that violated the stay.

## COUNT IV: PLAINTIFF WAS INJURED BY DEFENDANTS CREDITOR

## MISCONDUCT

19) Defendant deliberately held Plaintiff's belongings and continued to charge storage fees with the willful intent to injure Plaintiff.

20) Plaintiff filed for bankruptcy and believed she was relieved from the pressure and harassment from creditors seeking to collect their claims.

21) However, Defendant has failed to abide by the automatic stay and has attempted to collect a debt and has left Plaintiff suffering from emotional distress.

22) Plaintiff has been injured by Defendants actions to attempt to collect the debt and refusal to allow access to her personal belongings.

## DAMAGES

WHEREFORE, Section 362(k)(1) provides that the court shall award an individual her costs, in addition to actual damages. The debtor's damages include:

a) Plaintiff's out-of-pocket expenses to cover the filing fee.

b) Additionally, the debtor has lost precious time from her personal and professional life while attempting to recover her belongings held from her by the Defendant.

c) Lastly, the debtor has suffered interruption, annoyance, and continuing anxiety as she proceeds with her Chapter7 bankruptcy filing. Since actions taken in violation of the automatic stay are void, the court is urged to find Manhattan Mini Storage in violation of the automatic stay and damages should be awarded to the Plaintiff.

Dated this 14 day of December, 2010.

_Lori Seliger_
Lori Seliger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Lori Seliger

CHAPTER 7
CASE NO: 10-14034-MG

Debtor(s).

JUDGE:

_____/

## Certificate of Service

I hereby certify that on 12/15/2010, I served the following Paper:

Motion for Creditor Misconduct

on the following parties at these addresses:

Manhattan Mini Storage
161 Varick St.
New York, NY 10013

by the following means:
Certified US MAIL

/s/ Name of Filer or User: *Lori Seliger*

In Pro Per           Bar #:
In Pro Per

Fax: